UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'07 CIV 10955**

------------------------------------------------------------------X

SWORDPEN.COM, INC.,

               Plaintiff,

       -against-

HENRY HOLT AND COMPANY, LLC, KAREN
J. KATZ, and JOHN and/or JANE DOES 1 – 10,

              Defendant(s).

------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**JUDGE KARAS**

Plaintiff SWORDPEN.COM, INC. ("SwordPen"), by and through its attorneys, Law

Offices of Bruce W. Minsky, P.C., as and for its Verified Complaint against the Defendant

HENRY HOLT AND COMPANY, LLC ("Henry Holt"), KAREN J. KATZ ("Katz") and JOHN

and/or JANE DOES 1–10, (the Defendants hereinafter jointly referred to as

"Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief,

the following:

## INTRODUCTION

1.     Plaintiff SwordPen brings this action pursuant to the Copyright Act of 1976,

as amended, 17 U.S.C. § 101, et. seq. ("Copyright Act"), for damages, injunctive relief and

other remedies due to the Defendants' infringement of copyright.

## PARTIES

2.     At all times mentioned herein, Plaintiff SwordPen is a corporation organized

and existing under the laws of the State of New York, with a principal place of business at

19 Mariner Way, Monsey, New York 10952.

1

3.    At all times mentioned herein, Plaintiff SwordPen is an expected/existing publisher of children and fiction books, as well as an owner of the associated copyrights of some of those books.

4.    On or about August 1, 2007, the Plaintiff SwordPen became the assignee of the 'Lewinson Work' *(as hereinafter defined)* and the 'Copyright' *(as hereinafter defined)*.

5.    At all times mentioned herein, Defendant Henry Holt is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 175 Fifth Avenue, New York, New York 10010.

6.    At all times mentioned herein, Defendant Henry Holt was/is a publisher of fiction and non-fiction books, under either its imprint or that of other imprints, including *Metropolitan Books*, *Times Books*, *Owl Books*, *Picador USA* and *Books for Young Readers*.

7.    At all times mentioned herein, Defendant Katz was/is a resident of the State of New York, residing at 169 Mercer Street, New York, New York 10012.

8.    At all times mentioned herein, Defendant Katz, amongst other things, was/is an author and illustrator of children books.

## JURISDICTION AND VENUE

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as well as 17 U.S.C. § 501(b) and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a) and 28 U.S.C. §1338(b).

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c)

since the Defendants are subject to personal jurisdiction in this judicial district and pursuant to 28 U.S.C. § 1400(a) since the Defendants and its agents reside/do business and may be found in this judicial district.

## FACTUAL ALLEGATIONS

11.    Zev Lewinson ("Lewinson") is an author of numerous children stories, such stories including the manuscript entitled *What Do You Call It?* (hereinafter referred to as "Lewinson Work").

12.    The Lewinson Work, an original work authored by Lewinson, was created during the Summer, 1999, and completed on or about the Fall, 1999.

13.    The Lewinson Work contains a large amount of material wholly original with Lewinson and is copyrightable subject matter under the laws of the United States.

14.    Since the Summer, 1999, Lewinson, until the assignment herein referenced, was the sole proprietor of all right, title and interest in and to the Lewisnon Work.

15.    On or about December 2, 1999 the U.S. Copyright Office issued a Copyright Registration, numbered TXu 928-388, for the Lewinson Work ("Copyright"), with Lewinson being the sole owner of the Copyright.

16.    Since December 2, 1999, Lewinson, until the assignment to the Plaintiff SwordPen, herein referenced, was the sole proprietor of all right, title and interest in and to the Copyright.

17.    On or about December 20, 1999, at the instructions of Henry Holt, Lewinson sent a certified letter to Henry Holt, which letter included a copy of the Copyright/Lewinson Work ("Lewinson Letter").  The Lewinson Letter, as instructed by Henry Holt, and as

desired by Lewinson, requested that Henry Holt review the Copyright/Lewinson Work and consider the same for publication.

18.    Sometime thereafter, the Defendant Henry Holt declined to publish the Lewinson Work/Copyright, the same being relayed to Lewinson on or about the spring of 2000.

19.    On or about July 2006, the Defendant Henry Holt published a children's book, authored by the Defendant Katz, the book titled *'Can You Say Peace'* ("Infringing Book").

20.    According to the Defendant Katz, the idea and concept of the Infringing Book was relayed to the Defendant Katz by the Defendant Henry Holt, the Defendant Henry Holt having knowledge of and direct access to the Plaintiff SwordPen's Copyright.

21.    From the date on or about July 2006 to the present, the Infringing Book was made available for sale to the general public through numerous media/sale outlets ("Sale").

22.    Prior to the date on or about July 2006 the Defendants were aware of the Plaintiff SwordPen's Copyright and the Plaintiff's rights therein and thereto.

23.    Prior to the publication of the Infringing Book by the Defendant Henry Holt, the Defendants were aware of the Plaintiff SwordPen's Copyright and the Plaintiff's rights therein and thereto.

24.    Prior to the publication of the Infringing Book by the Defendant Henry Holt, the Defendants should have been aware of the Plaintiff SwordPen's Copyright and the Plaintiff's rights therein and thereto.

25.    Prior to the Sale of the Infringing Book, the Defendants were aware of the Plaintiff SwordPen's Copyright and the Plaintiff's rights therein and thereto.

26.    Prior to the Sale of the Infringing Book, the Defendants should have been

aware of the Plaintiff SwordPen's Copyright and the Plaintiff's rights therein and thereto.

27.    The Infringing Book is substantially similar to Plaintiff SwordPen's Copyright.

28.    The Infringing Book is a derivative work based on the Plaintiff SwordPen's Copyright.

29.    The Infringing Book infringes in the Plaintiff SwordPen's copyright in and to the Copyright.

30.    Plaintiff SwordPen has the exclusive right to produce derivative work from the Copyright and Defendants' publication, promotion and displays of the Infringing Book are an unlawful infringement on this right

31.    Plaintiff SwordPen has the right to attribution in any derivative work from its copyrighted work and Defendant's Infringing Books, its publication, promotion and displays provide no attribution.

32.    Plaintiff SwordPen's ability to promote and market its Copyright is being destroyed by Defendants' infringement.

33.    Defendants have and will receive substantial monies fro the sale of the Infringing Book and possibly through other promotional arrangements and license agreements unknown to the Plaintiff SwordPen at this time, and profits are anticipated.

34.    After publication of the Infringing Book by the Defendant Henry Holt, the Defendants, on or about September 2006, were contacted by Plaintiff SwordPen's counsel who indicated that the publication and Sale of the Infringing Book by the Defendants was in violation of the Plaintiff's right in and to the Copyright ("Violation Notification").

35.    Subsequent to the Violation Notification the infringing acts of the Defendants have been, and if continued hereinafter will continue to be, committed willfully

and with blatant disregard for the Plaintiff SwordPen's right in and to the Copyright.

36.    The Defendants conduct described herein as inured, and if unchanged will continue to inure, to the determent of Plaintiff SwordPen's right in and to the Copyright.

## AS AND FOR A FIRST CAUSE OF ACTION

37.    Plaintiff SwordPen repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" with the same force and effect as if the same were set forth at length herein.

38.    By its actions above/herein, the Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, have infringed and will continue to infringe the Plaintiff SwordPen's Copyright by using the Plaintiff SwordPen's Copyright as, at least, a basis for the Infringing Book, the same being without Plaintiff SwordPen's permission.

39.    Plaintiff SwordPen is entitled to an injunction restraining the Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, from engaging in any further acts in violation of the Copyright Act.

## AS AND FOR A SECOND CAUSE OF ACTION

40.    Plaintiff SwordPen repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" with the same force and effect as if the same were set forth at length herein.

41.    Defendants have or will receive substantial monies from the sale of the

Infringing Book, such Infringing Book derived from the Plaintiff SwordPen's Copyright.

42.    The amount of money received or to be received by the Defendants is unknown to Plaintiff SwordPen and can only be determined by an accounting. Upon information and belief, the profits due the Defendants from the sale and/or distribution of the Infringing Book, such Infringing Book derived from the Plaintiff SwordPen's Copyright, is or will be substantial.

43.    Plaintiff SwordPen hereby demands an accounting by the Defendants of all amounts received as a result of the exploitation of the Plaintiff SwordPen's Copyright and of all agreements/documents/information relating and/or pertaining to the Infringing Book.

44.    Plaintiff SwordPen is entitled to an accounting from the Defendants of all gains, profits and advantages derived from the Defendants therefrom.

## AS AND FOR A THIRD CAUSE OF ACTION

45.    Plaintiff SwordPen repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" with the same force and effect as if the same were set forth at length herein.

46.    Plaintiff SwordPen is further entitled to recover from the Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any and all gains, profits and advantages obtained by the Defendants as a result of their acts of infringement as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by the Plaintiff SwordPen, but will be established according to proof at trial. Plaintiff SwordPen is also entitled to recover statutory damages for the Defendant's infringement of the Plaintiff SwordPen's Copyright

in the Infringing Book.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SWORDPEN.COM, INC. demands judgment from the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 as follows:

A.    For the entry of an injunction providing that the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing or selling any work that infringes, contributorily infringes, or vicariously infringes the Copyright of the Plaintiff SWORDPEN.COM, INC.;

B.    For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504(a)(1) & (b);

C.    For an accounting of all profits, income, receipts or other benefit derived by the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 from the reproduction, copying display, promotion, distribution or sale of products and/or services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes the Copyright of the Plaintiff SWORDPEN.COM, INC. as pursuant to 17 U.S.C. §§ 504(a)(1) & (b);

D.    For a disgorgement by the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 from their acts of copyright infringement and to reimburse the Plaintiff SWORDPEN.COM, INC. for al damages

suffered buy the Plaintiff SWORDPEN.COM, INC. by reason of the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 acts as pursuant to <u>17 U.S.C. §§ 504(a)(1) & (b)</u>,

      E.    For statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement as pursuant to <u>17 U.S.C. § 104(c)</u>;

      F.    For attorneys' fees and costs pursuant to <u>17 U.S.C. § 505</u>;

      G.    For prejudgment interest;

      H.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff SWORDPEN.COM, INC. hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:    New Hempstead, New York
          November 13, 2007

                Respectfully submitted,

By:_____
Bruce W. Minsky (BM6615)
LAW OFFICES OF BRUCE W. MINSKY, P.C.
112 Brick Church Road
New Hempstead, New York 10977
Phone:   (646) 234-7006
Facsimile: (702) 973-6607

*Attorneys for the Plaintiff SWORDPEN.COM, INC.*

9

To:   HENRY HOLT AND COMPANY, LLC
175 Fifth Avenue
New York, New York 10010
*(Via Prescribed Service)*

KAREN J. KATZ
169 Mercer Street
New York, New York 10012
*(Via Prescribed Service)*

Clerk,
United States District Court, Southern District of New YorK
*(For Filing Purposes)*