```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZEV LEWINSON, as Assignee of
SWORDPEN.COM, INC.,

                Plaintiff,

-against-

HENRY HOLT AND COMPANY, LLC, KAREN
J. KATZ, and JOHN and/or JANE DOES 1 – 10,

                Defendant(s).
-----------------------------------------------------------------X

Civil Action No.:
07 CIV 10955 (KMK)

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff ZEV LEWINSON ("Plaintiff" and/or "Lewinson"), as SWORDPEN.COM, INC. ("SwordPen"), Lewinson appearing Pro Se, as and for its Verified Complaint against the Defendant HENRY HOLT AND COMPANY, LLC ("Henry Holt"), KAREN J. KATZ ("Katz") and JOHN and/or JANE DOES 1–10, (the Defendants hereinafter jointly referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

    1.    Plaintiff brings this action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et. seq. ("Copyright Act"), for damages, injunctive relief and other remedies due to the Defendants' infringement of copyright.

## PARTIES

    2.    At all times mentioned herein, Plaintiff with a business address at 1415 Queene Anne Road, Teaneck, New Jersey 07666.

    3.    At all times mentioned SwordPen is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 19 Mariner

1

Way, Monsey, New York 10952.

4.   At all times mentioned herein, SwordPen is an expected/existing publisher of children and fiction books, as well as an owner of the associated copyrights of some of those books.

5.   On or about August 1, 2007, the SwordPen became the assignee of the 'Lewinson Work' *(as hereinafter defined)* and the 'Copyright' *(as hereinafter defined)*.

6.   On or about August 1, 2008, SwordPen assigned to the Plaintiff its legal claims/rights in the instant litigation.

7.   At all times mentioned herein, Defendant Henry Holt is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 175 Fifth Avenue, New York, New York 10010.

8.   At all times mentioned herein, Defendant Henry Holt was/is a publisher of fiction and non-fiction books, under either its imprint or that of other imprints, including *Metropolitan Books*, *Times Books*, *Owl Books*, *Picador USA* and *Books for Young Readers*.

9.   At all times mentioned herein, Defendant Katz was/is a resident of the State of New York, residing at 169 Mercer Street, New York, New York 10012.

10.  At all times mentioned herein, Defendant Katz, amongst other things, was/is an author and illustrator of children books.

**JURISDICTION AND VENUE**

11.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as well as 17 U.S.C. § 501(b) and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C.

§1367(a) and 28 U.S.C. §1338(b).

12.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c) since the Defendants are subject to personal jurisdiction in this judicial district and pursuant to 28 U.S.C. § 1400(a) since the Defendants and its agents reside/do business and may be found in this judicial district.

## FACTUAL ALLEGATIONS

13.   Lewinson is an author of numerous children stories, such stories including the manuscript entitled *What Do You Call It?* (hereinafter referred to as "Lewinson Work").

14.   The Lewinson Work, an original work authored by Lewinson, was created during the Summer, 1999, and completed on or about the Fall, 1999.

15.   The Lewinson Work contains a large amount of material wholly original with Lewinson and is copyrightable subject matter under the laws of the United States.

16.   Since the Summer, 1999, Lewinson, until the assignment herein referenced, was the sole proprietor of all right, title and interest in and to the Lewisnon Work.

17.   On or about December 2, 1999 the U.S. Copyright Office issued a Copyright Registration, numbered TXu 928-388, for the Lewinson Work ("Copyright"), with Lewinson being the sole owner of the Copyright.

18.   Since December 2, 1999, Lewinson, until the assignment to the SwordPen, herein referenced, was the sole proprietor of all right, title and interest in and to the Copyright.

19.   On or about December 20, 1999, at the instructions of Henry Holt, Lewinson sent a certified letter to Henry Holt, which letter included a copy of the Copyright/Lewinson Work ("Lewinson Letter").  The Lewinson Letter, as instructed by Henry Holt, and as

3

desired by Lewinson, requested that Henry Holt review the Copyright/Lewinson Work and consider the same for publication.

20.     Sometime thereafter, the Defendant Henry Holt declined to publish the Lewinson Work/Copyright, the same being relayed to Lewinson on or about the spring of 2000.

21.     On or about July 2006, the Defendant Henry Holt published a children's book, authored by the Defendant Katz, the book titled *'Can You Say Peace'* ("Infringing Book").

22.     According to the Defendant Katz, the idea and concept of the Infringing Book was relayed to the Defendant Katz by the Defendant Henry Holt, the Defendant Henry Holt having knowledge of and direct access to the SwordPen's Copyright.

23.     From the date on or about July 2006 to the present, the Infringing Book was made available for sale to the general public through numerous media/sale outlets ("Sale").

24.     Prior to the date on or about July 2006, the Defendants were aware of the SwordPen's Copyright and its rights therein and thereto.

25.     Prior to the publication of the Infringing Book by the Defendant Henry Holt, the Defendants were aware of the SwordPen's Copyright and the its rights therein and thereto.

26.     Prior to the publication of the Infringing Book by the Defendant Henry Holt, the Defendants should have been aware of the SwordPen's Copyright and its rights therein and thereto.

27.     Prior to the Sale of the Infringing Book, the Defendants were aware of the SwordPen's Copyright and its rights therein and thereto.

28.     Prior to the Sale of the Infringing Book, the Defendants should have been

aware of the SwordPen's Copyright and its rights therein and thereto.

29. The Infringing Book is substantially similar to SwordPen's Copyright.

30. The Infringing Book is a derivative work based on the SwordPen's Copyright.

31. The Infringing Book infringes in the SwordPen's copyright in and to the Copyright.

32. SwordPen has the exclusive right to produce derivative work from the Copyright and Defendants' publication, promotion and displays of the Infringing Book are an unlawful infringement on this right

33. SwordPen has the right to attribution in any derivative work from its copyrighted work and Defendant's Infringing Books, its publication, promotion and displays provide no attribution.

34. SwordPen's ability to promote and market its Copyright is being destroyed by Defendants' infringement.

35. Defendants have and will receive substantial monies fro the sale of the Infringing Book and possibly through other promotional arrangements and license agreements unknown to the SwordPen at this time, and profits are anticipated.

36. After publication of the Infringing Book by the Defendant Henry Holt, the Defendants, on or about September 2006, were contacted by SwordPen's counsel who indicated that the publication and Sale of the Infringing Book by the Defendants was in violation of the SwordPen's right in and to the Copyright ("Violation Notification").

37. Subsequent to the Violation Notification the infringing acts of the Defendants have been, and if continued hereinafter will continue to be, committed willfully and with blatant disregard for the SwordPen's right in and to the Copyright.

38.    The Defendants conduct described herein as inured, and if unchanged will continue to inure, to the determent of SwordPen's right in and to the Copyright.

## AS AND FOR A FIRST CAUSE OF ACTION

39.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" with the same force and effect as if the same were set forth at length herein.

40.    By its actions above/herein, the Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, have infringed and will continue to infringe SwordPen's Copyright by using SwordPen's Copyright as, at least, a basis for the Infringing Book, the same being without SwordPen's permission.

41.    Plaintiff, on behalf of SwordPen, and as assignee, is entitled to an injunction restraining the Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, from engaging in any further acts in violation of the Copyright Act.

## AS AND FOR A SECOND CAUSE OF ACTION

42.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" with the same force and effect as if the same were set forth at length herein.

43.    Defendants have or will receive substantial monies from the sale of the Infringing Book, such Infringing Book derived from SwordPen's Copyright.

44.    The amount of money received or to be received by the Defendants is unknown to SwordPen and can only be determined by an accounting. Upon information

and belief, the profits due the Defendants from the sale and/or distribution of the Infringing Book, such Infringing Book derived from SwordPen's Copyright, is or will be substantial.

45. Plaintiff hereby demands an accounting by the Defendants of all amounts received as a result of the exploitation of the SwordPen's Copyright and of all agreements/documents/information relating and/or pertaining to the Infringing Book.

46. Plaintiff, on behalf of SwordPen, and as assignee, is entitled to an accounting from the Defendants of all gains, profits and advantages derived from the Defendants therefrom.

## AS AND FOR A THIRD CAUSE OF ACTION

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" with the same force and effect as if the same were set forth at length herein.

48. Plaintiff is further entitled to recover from the Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any and all gains, profits and advantages obtained by the Defendants as a result of their acts of infringement as alleged herein. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by the Plaintiff, but will be established according to proof at trial. Plaintiff is also entitled to recover statutory damages for the Defendant's infringement of SwordPen's Copyright in the Infringing Book.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ZEV LEWINSON, as assignee of SWORDPEN.COM, INC., demands judgment from the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 as follows:

  A. For the entry of an injunction providing that the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing or selling any work that infringes, contributorily infringes, or vicariously infringes the Copyright of SWORDPEN.COM, INC.;

  B. For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504(a)(1) & (b);

  C. For an accounting of all profits, income, receipts or other benefit derived by the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 from the reproduction, copying display, promotion, distribution or sale of products and/or services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes the Copyright of SWORDPEN.COM, INC. as pursuant to 17 U.S.C. §§ 504(a)(1) & (b);

  D. For a disgorgement by the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 from their acts of copyright infringement and to reimburse the Plaintiff ZEV LEWINSON all damages suffered by the SWORDPEN.COM, INC. by reason of the Defendants HOLT AND COMPANY, LLC, KAREN J. KATZ and JOHN and/or JANE DOES 1 – 10 acts as pursuant to 17 U.S.C. §§ 504(a)(1) & (b),

  E. For statutory damages, upon election prior to final judgment and in lieu of actual damages and profits for copyright infringement as pursuant to 17 U.S.C. § 104(c);

  F. For attorneys' fees and costs pursuant to 17 U.S.C. § 505;

G.  For prejudgment interest;

H.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff ZEV LEWINSON hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:   Teaneck, New York
         August 15, 2008

                    Respectfully submitted,

                    By: _____
                    ZEV LEWINSON, Pro Se
                    1415 Queene Anne Road
                    Teaneck, New Jersey 07666.
                    Phone:    (845) 300-6127

To:   Robert D. Balin, Esq.
      Davis Wright Tremaine, LLP
      1633 Broadway
      New York, New York 10019-6708

      Clerk,
      United States District Court, Southern District of New YorK
      *(For Filing Purposes)*

# **VERIFICATION**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF ROCKLAND           )

Zev Lewinson, being duly sworn, deposes and says:

(i)  I am the Plaintiff; and,

(ii) I have read the foregoing Amended Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to those matters therein alleged to be on information and belief, and to those matters I believe it to be true.

_____
ZEV LEWINSON

Sworn to me before this
18th day of August, 2008.

_____
Notary Public

BARBARA G. SWEENEY
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/30/2009

10